CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**,<br><br>    Plaintiff,<br><br>  v.<br><br>**Beverly Corner, LLC**, a California Limited Liability Company; **Florence Corner Oil Corp**., a California Corporation; and Does 1-10,<br><br>    Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orlando Garcia complains of Beverly Corner, LLC, a California Limited Liability Company; Florence Corner Oil Corp., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He also suffers from Cerebral Palsy. He uses a wheelchair, walker, and cane for mobility.

2. Defendant Beverly Corner, LLC owned the real property located at or

1

about 8901 Atlantic Avenue, South Gate, California, in December 2018.

3.   Defendant Beverly Corner, LLC owns the real property located at or about 8901 Atlantic Avenue, South Gate, California, currently.

4.   Defendant Florence Corner Oil Corp. owned Shell located at or about 8901 Atlantic Avenue, South Gate, California, in December 2018.

5.   Defendant Florence Corner Oil Corp. owns Shell ("Gas Station") located at or about 8901 Atlantic Avenue, South Gate, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is

Complaint

located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Gas Station in December 2018 to shop.

11. The Gas Station is a facility open to the public, a place of public accommodation, and a business establishment.

12. Paths of travel are one of the facilities, privileges and advantages offered by Defendants to patrons of the Gas Station store.

13. Although there were shelves and merchandise aisles open to customers for shopping, the paths of travel in and throughout these merchandise aisles were not accessible because the defendants had a practice of placing merchandise and merchandise display on the route of travel, which restricted passage to less than 36 inches in width.

14. In fact, the narrowest path of travel was about 20 inches wide. This is not accessible for plaintiff.

15. At one point, in fact, the plaintiff got hooked on a rack. An employee had to help the plaintiff get unhooked.

16. Currently, although there are shelves and merchandise aisles open to customers for shopping, paths of travel in and throughout these merchandise aisles are not accessible to wheelchair users because the defendants have a practice of placing merchandise and merchandise display on the route of travel, which restricts passage to less than 36 inches in width.

17. Transaction counters are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Gas Station store.

18. Unfortunately, the transaction counter at the Gas Station store was more than 36 inches in height. In fact, the transaction counter was about 42 inches in height.

19. There was no lowered, 36 inch portion of the transaction counter at the

Complaint

Gas Station store for use by persons in wheelchairs to conduct transactions.

20. Currently, the transaction counter at the Gas Station store is more than 36 inches in height.

21. Currently, there is no lowered, 36 inch portion of the transaction counter at the Gas Station store for use by persons in wheelchairs.

22. Plaintiff personally encountered these barriers.

23. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

24. Restrooms are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Gas Station.

25. Meanwhile, and even though the plaintiff did not personally confront the barrier, the plumbing underneath the sink is not wrapped to protect against burning contact.

26. Plaintiff plans to return and patronize the Gas Station but is deterred from visiting again until the defendants remove the barriers.

27. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

28. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

29. A common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

4

Complaint

30. Insulation can be installed under the sink at a cost of no more than $25.

31. Plaintiff is deterred from returning and patronizing the Gas Station because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Gas Station as a customer once the barriers are removed.

32. Given the obvious and blatant nature of the violations and barriers alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

Complaint

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. The minimum clear width of an accessible route shall be 36 inches. 2010 Standards § 403.5.1.

36. Here, the failure to provide accessible paths of travel inside the Gas Station store is a violation of the ADA.

37. Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

38. Here, no such accessible counter has been provided in violation of the ADA.

39. Hot water and drain pipes under lavatories must be insulated or

Complaint

otherwise configured to protect against contact. 2010 Standards §606.5.

40. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

41. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

42. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

43. Given its location and options, plaintiff will continue to desire to patronize the Gas Station but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

45. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

46. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,

7

Complaint

1  privileges, or services offered.

2  47. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

3  discomfort or embarrassment for the plaintiff, the defendants are also each

4  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

5  (c).)

6

7  **PRAYER**:

8  Wherefore, Plaintiff prays that this Court award damages and provide

9  relief as follows:

10  1. For injunctive relief, compelling Defendants to comply with the

11  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

12  plaintiff is not invoking section 55 of the California Civil Code and is not

13  seeking injunctive relief under the Disabled Persons Act at all.

14  2. Damages under the Unruh Civil Rights Act, which provides for actual

15  damages and a statutory minimum of $4,000.

16  3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

17  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

18

19  Dated: January 10, 2019          CENTER FOR DISABILITY ACCESS

20

21

22  By: _____

23  _____

24          Chris Carson, Esq.
          Attorney for plaintiff

25

26

27

28

Complaint