1
2
3
4
5
6
7
8

CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 279082
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **Orlando Garcia**, | Case: 2:19-CV-00273-JAK-GJS |
| Plaintiff, | **Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court Against Beverly Corner, LLC and Florence Corner Oil Corp., and Request to Affix Fees** |
| v. | |
| **Beverly Corner, LLC**, a California Limited Liability Company; **Florence Corner Oil Corp**., a California Corporation; and Does 1-10, | |
| Defendants. | |

---

Plaintiff's Application for Default Judgment          Case: 2:19-CV-00273-JAK-GJS

# TABLE OF CONTENTS

I.     **PROCEDURAL POSTURE** ------------------------------------------- 1

II.    **CONCISE FACTUAL STATEMENT** ------------------------------------ 1

III.   **ARGUMENT** ---------------------------------------------------- 3

     A.   The Americans with Disabilities Act ------------------------------ 4

         1.  *The Plaintiff is Disabled* --------------------------------- 5

         2.  *The Defendant's Business is a Public Accommodation* ---------------- 5

         3.  *The Business Presented Physical Barriers* ------------------------ 6

         4.  *Summary* --------------------------------------------- 7

     B.   The Unruh Civil Rights Act -------------------------------- 7

IV.   **THE EITEL FACTORS SUPPORT GRANTING THE MSJ** ----------------- 8

     A.   Possibility of Prejudice to Plaintiff --------------------------- 8

     B.   The Merits and Sufficiency of the Plaintiff's Claims & Complaint ---------- 9

     C.   The Sum of Money at Stake ------------------------------- 9

     D.   The Possibility of Dispute --------------------------------- 9

     E.   The Possibility of Excusable Neglect ------------------------- 9

     F.   Policy Favoring Decision on the Merits ------------------------ 10

V.    **REQUEST TO AFFIX ATTORNEY FEES** ------------------------------ 10

VI.   **CONCLUSION** ------------------------------------------------ 11

# TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe,*
 616 F.2d 1089 (9th Cir. 1980)........................................................6

*Blackwell v. Foley,*
 724 F. Supp. 2d 1068 (N.D. Cal. 2010) .........................................9

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
 631 F.3d 939 (9th Cir. 2011) .........................................................5

*City of Riverside v. Rivera,*
 477 U.S. 561 (1986) .......................................................................9

*Eitel v. McCool,*
 782 F.2d 1470 (9th Cir.1986) ....................................................6, 8

*Geddes v. United Fin.Group,*
 559 F.2d 557 (9th Cir.1977)...........................................................6

*Goodwin v. C.N.J., Inc.,*
 436 F.3d 44 (1st Cir. 2006) ............................................................8

*Helen L. v. DiDario,*
 46 F.3d 325 (3rd Cir. 1995)............................................................3

*Independent Living Resources v. Oregon Arena Corp.,*
 982 F.Supp 698 (D. Org. 1997) ......................................................3

*PepsiCo, Inc. v. California Sec. Cans,*
 238 F. Supp. 2d 1172 (C.D. Cal. 2002) ......................................7, 8

*Roberts v. Royal Atlantic Corp.,*
 542 F.3d 363 (2nd Cir. 2008).........................................................3

iii

*Shanghai Automation Instrument Co., Ltd. v. Kuei,*

   194 F. Supp. 2d 995 (N.D. Cal. 2001) .......................................................... 8

*Vogel v. Rite Aid Corp.,*

   992 F.Supp.2d 998 (C.D. Cal. 2014) .......................................................... 7

*Wilson v. Haria and Gogri Corp.,*

   479 F.Supp.2d 1127 (E.D. Cal. 2007) ........................................................ 5

**Statutes**

42 U.S.C. § 12102(2)(A) ............................................................................... 4

42 U.S.C. § 12102(a) ..................................................................................... 4

42 U.S.C. § 12181(7)(B) ............................................................................... 4

42 U.S.C. § 12182(a) ..................................................................................... 4

42 U.S.C. § 12182(b)(2)(A)(iv) ............................................................... 3, 4

42 U.S.C. § 12188 .......................................................................................... 5

42 U.S.C. § 12188(a) ..................................................................................... 4

42 U.S.C. § 12205 .......................................................................................... 8

ADAAG § 7.2(1) ........................................................................................... 5

Cal. Civ. Code § 51(f) .................................................................................. 5

Cal. Civ. Code § 52(a) .............................................................................. 5, 8

Fed. R.Civ.Proc. 8(b)(6) .............................................................................. 6

Plaintiff's Application for Default Judgment     Case: 2:19-CV-00273-JAK-GJS

# I. PROCEDURAL POSTURE

The complaint was filed in federal court on January 14, 2019. The Proof of Service for Beverly Corner, LLC and Florence Corner Oil Corp., were filed on January 23, 2019.  The default was entered against defendants Beverly Corner, LLC and Florence Corner Oil Corp., on February 27, 2019 for failure to response to plaintiff's Complaint.

# II. CONCISE FACTUAL STATEMENT

The plaintiff is a level C-5 quadriplegic who has Cerebral Palsy, cannot walk and uses a wheelchair for mobility. Exhibit 2(Dec of Garcia), ¶ 2. On December 28, 2018, the plaintiff went to the Shell located at 8901 Atlantic Avenue, South Gate, California to get snacks and assess the property for compliance with access laws. *Id.* at ¶3. When the plaintiff got there, he discovered that although there were shelves and merchandise aisles open to customers for shopping, the paths of travel in and throughout these merchandise aisles were not accessible because the defendants have a practice of placing merchandise and merchandise display on the route of travel, which restricted passage to the point where he could not use them. *Id.* at ¶4. At one point, in fact, the plaintiff got hooked on a rack and an employee had to help him get unhooked. *Id.* Additionally, the transaction counter at the Gas Station store was too high for the plaintiff to use without difficulty. *Id.* at ¶5.

After making a complaint, an investigator with the Center for Disability Access was tasked to investigate Mr. Orlando Garcia's claim that there was a lack of accessible paths of travel in and throughout the merchandise aisles and accessible transaction counter at the Shell at 8901 Atlantic Avenue, South Gate, California. Exhibit 3 (Dec of Louis), ¶ 1. The investigator went to the Shell station on January 9, 2019, assessed the

Plaintiff's Application for Default Judgment        Case: 2:19-CV-00273-JAK-GJS

location, took measurements, and took photos. *Id.* at ¶2. Using a tape measure, the investigator found that inside the store, the merchandise and merchandise display on the route of travel restricted passage to less as little as 20-inches in length. *Id.* at ¶3. Using a tape measure, the investigator found that the transaction counter at the Shell was 42 inches in height and there was no lowered 36-inch portion of the transaction counter at the Shell for use by persons in wheelchairs to conduct transactions. *Id. at ¶ 4.*

Due to the lack of compliant accessible paths of travel in and throughout the merchandise aisles and the lack of accessible transaction counter, the plaintiff has been deterred from further attempting to visit the Shell and will not return until he has been informed that the Shell has been brought into compliance with the access laws. Exhibit 2 (Dec of Garcia), ¶ 7. The plaintiff is in this geographical area on a constant and ongoing basis and will certainly return to the Shell as soon as the facilities are brought in compliance. *Id.* at ¶ 8.

### III. ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the Complaint. In this case, defendants Beverly Corner, LLC and Florence Corner Oil Corp., were served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this Court. As detailed in the Declaration of Plaintiff's counsel, defendants Beverly Corner, LLC and Florence Corner Oil Corp., are not infants or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendants Beverly Corner, LLC and Florence Corner Oil Corp., were on notice as to what the Plaintiff was seeking as they were served with the

Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

> 1. **For injunctive relief**, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.
> 2. **Damages** under the Unruh Civil Rights Act provide for actual damages and a statutory **minimum of $4,000**.
> 3. **Reasonable attorney fees, litigation expenses and costs of suit**, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

See complaint and prayer. The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

## A.    The American with Disabilities Act

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance. H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

*Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D. Org. 1997). The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and

indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal quotations omitted).

To succeed on his Title III, ADA claim, the plaintiff must, "establish that (1) he is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);
2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);
3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);
4. The Plaintiff must have encountered the architectural barrier precluding him full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, the plaintiff's civil rights were violated because defendants Beverly Corner, LLC and Florence Corner Oil Corp., failed to provide accessible paths of travel in and throughout the merchandise aisles and an accessible transaction counter at the Shell Gas Station. Plaintiff will discuss each element, seriatim.

Plaintiff's Application for Default Judgment       Case: 2:19-CV-00273-JAK-GJS

### 1. *The Plaintiff is Disabled*

The plaintiff is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

### 2. *The Defendant's Business is a Public Accommodation*

Service establishments are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(F).

### 3. *The Business Presented Physical Barriers*

In the present case, the lack of accessible paths of travel in and throughout the merchandise aisles, accessible transaction counter and accessible restroom are barriers to the plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The minimum clear width of an accessible route shall be 36 inches. 2010 Standards § 403.5.1. Here, the failure to provide accessible paths of travel inside the Gas Station store is a violation of the ADA.

Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1. Here, no such accessible counter has been provided in violation of the ADA.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal....") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

### 4.   *Summary*

The plaintiff is disabled. The defendant's business has unlawful barriers. The defendants failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is entitled to an order requiring defendant to remove those unlawful barriers. *See* 42 U.S.C. § 12188.

## B.   The Unruh Civil Rights Act

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that he was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff is asking for no more than a single statutory minimum penalty assessment of $4,000.00 as specified in California Civil Code § 52, and the

actual attorney fees and costs that he has incurred in the amount of $5,355.00. See declaration of Dennis Price filed contemporaneously with this Application.

## IV. THE EITEL FACTORS SUPPORT
## GRANTING SUMMARY JUDGMENT

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also, e.g., Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). A consideration of these merits favors granting default judgment.

### A.    Possibility of Prejudice to Plaintiff

The plaintiff, a profoundly disabled person, has alleged that he suffers discrimination due to the defendants' failure to comply with the ADA and

Unruh. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, relying upon this rationale).

**B.    The Merits of the Plaintiff's Claims and Sufficiency of the Claim**

These two *Eitel* factors are discussed above under section III of this brief. The plaintiff has sufficiently stated a meritorious claim.

**C.    The Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the plaintiff only seeks a total of $9,355.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

**D.    The Possibility of Dispute**

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

**E.     The Possibility of Excusable Neglect**

While there is always a "theoretical possibility" that the defendant
might show up claiming excusable neglect, where the defendants "were
properly served with the Complaint, the notice of entry of default, as well as
the papers in support of the instant motion," this factor favors entry of default
judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d
995, 1005 (N.D. Cal. 2001).

**F.     Policy Favoring Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably
possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists
demonstrates that "this preference, standing alone, is not dispositive."
*PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to
answer Plaintiffs' Complaint makes a decision on the merits impractical, if
not impossible"). Given that the defendant failed to appear and defend, the
seventh *Eitel* factor does not preclude the entry of default judgment.

## V. REQUEST TO AFFIX ATTORNEY FEES

The plaintiff's rights were violated under Title III of the American with
Disabilities Act and the Unruh Civil Rights Act. Under both Title III of the
ADA and the Unruh Civil Rights Act, a prevailing plaintiff is entitled to an
award of reasonable attorney fees. See 42 U.S.C. § 12205; Cal. Civ. § 52(a).
As the Ninth Circuit has recently held, it is inappropriate to use the default
fee schedule under Local Rule 55 for ADA and Unruh civil rights cases. *Vogel
v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018)

In sum, it is simply inappropriate to tie the amount of recoverable attorney's fees to the amount of monetary recovery in these small dollar civil rights cases. The plaintiff requests this Court affix the attorney fees.

## VI. CONCLUSION

The plaintiff respectfully request this Court grant his application for default judgment and issue the proposed judgment.

Dated: March 8, 2019                    CENTER FOR DISABILITY ACCESS

                                        By: */s/ Dennis Price*
                                        Dennis Price, Esq.
                                        Attorney for Plaintiff

Plaintiff's Application for Default Judgment          Case: 2:19-CV-00273-JAK-GJS